IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHMAM DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:08-cv-00546 |
| Plaintiff, | | |
| | | **COMPLAINT** |
| v. | | |
| LITTLE RIVER GOLF, INC. | | **JURY TRIAL DEMAND** |
| Defendant. | | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race, African- American, and national origin, non-Hispanic, and to provide appropriate relief to Mary Wharton, Sharon Martin, and other similarly situated former employees who were adversely affected by such practices. Specifically, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Little River Golf, Inc. ("Defendant"), discriminated against Ms. Wharton by discharging her because of her race, African-American, and against Ms. Martin by discharging her because of her race, African-American, and her national origin, non-Hispanic. Further, the Commission alleges that Defendant discriminated against a class of similarly situated employees by discharging them because of their race, African-American, and their national origin, non-Hispanic.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.  Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Carthage, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mary Wharton and Sharon Martin filed separate charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 22, 2005, Defendant engaged in unlawful employment practices at its Carthage, North Carolina location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, on or about September 22, 2005, Defendant laid off and subsequently discharged Mary Wharton, Sharon Martin, and other similarly situated non-Hispanic, African-American employees, all of whom were African-American, non-Hispanic housekeepers for Defendant. At the time of their lay off and subsequent discharge, Ms. Wharton, Ms. Martin and the other similarly situated non-Hispanic, African-American employees were performing their jobs at a level that met Defendant's legitimate expectations. Around September 22, 2005, approximately the same time Defendant discharged Ms. Wharton, Ms. Martin, and the other similarly situated employees, Defendant hired several similarly or less qualified non-African-American, Hispanic housekeepers.

8. The effect of the practices complained of in paragraph 7 has been to deprive Ms. Wharton, Ms. Martin, and other similarly situated non-Hispanic, African-American employees of equal employment opportunities, and otherwise adversely affect their status as employees because of their race and national origin.

9. The unlawful employment practices complained of in paragraph 7 were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Ms. Wharton, Ms. Martin, and the other similarly situated non-Hispanic, African-American employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of race or national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-Hispanics and African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mary Wharton, Sharon Martin, and the other similarly situated non-Hispanic and African-American employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay for Ms. Wharton, Ms. Martin, and the class of similarly situated employees.

D. Order Defendant to make whole Mary Wharton, Sharon Martin, and the other similarly situated non-Hispanic and African-American employees by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described in paragraph 7, in amounts to be determined at trial.

E. Order Defendant to make whole Mary Wharton, Sharon Martin, and the other similarly situated non-Hispanic and African-American by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Mary Wharton, Sharon Martin, and the other similarly situated non-Hispanic, African-American employees punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 7th day of August, 2008.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar # 19732)
        Regional Attorney

        TINA M. BURNSIDE
        Supervisory Trial Attorney

        s/ Darryl L. Edwards
        DARRYL L. EDWARDS (PA Bar # 205906)
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        (704) 344-6875 (Direct Dial)
        (704) 344-6870 (Facsimile)
        Darryl.Edwards@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**